UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADE BROWN,

        Plaintiff,

Case No. 1:18-cv-1322

Hon. Robert J. Jonker

v.

SABRINA DAVIS, *et al.*,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought by a prisoner in the custody of the Michigan Department of Corrections (MDOC). This matter is now before the Court on defendants John Davids and Sabrina Davis' motion for summary judgment (ECF No. 23).

### I.    Discussion

Plaintiff filed two similar cases in this Court, *Brown v. Sabrina Davis, et al.*, 1:18-cv-1322 (sometimes referred to as "the present case" or "Case 1322"), and a later case, *Brown v. Sabrina Davis, et al.*, 1:18-cv-1362 (sometimes referred to as "Case 1362"). The two cases were assigned to two different District Judges. Both cases involve plaintiff's claim that defendants John Davids and Sabrina Davis retaliated against him by failing to approve Loss of Privilege (LOP) waivers after October 2018. *See* Opinion (ECF No. 5, PageID.73)[1]; *Brown v. Sabrina Davis, et al.*,

---

[1] In Case 1322 the Court summarized plaintiff's claim in pertinent part as follows:

"Defendants Davids and Davis allegedly stopped approving Plaintiff's requests for LOP waivers in October 2018, the month after he served a court complaint on them. He received waivers in August and September 2018, but in November 2018, McQuiston told Plaintiff that Davids and Davis would no longer grant his waiver requests. . . . . The Court finds that Plaintiff's allegations are sufficient to state a retaliation claim against Defendants Davids and Davis. . . . . He fails to state any other claim against any other Defendant."

1:18-cv-1362 (Opinion) (ECF No. 4, PageID.37, 44-45).[2]

After the Court screened Case 1322, the parties filed a number of motions: plaintiff moved to reconsider the screening opinion and order dismissing claims and defendants (ECF No. 13); plaintiff moved to amend his complaint (ECF No. 14); defendants moved to consolidate Cases 1322 and 1362 because "[i]n both lawsuits Plaintiff makes a First Amendment retaliation claim regarding Loss of Privilege Waivers" (ECF No. 19); plaintiff moved for the second time to reconsider the screening opinion and order (ECF No. 22); and, defendants John Davids and Sabrina Davis moved for summary judgment (ECF No. 23).

The Court denied plaintiff's motion to amend because it appeared to be a photocopy of the original complaint which includes the dismissed defendants. *See* Order (ECF No. 27). The Court also denied defendants' motion to consolidate the two cases because: the motion was devoid of any legal analysis; it appeared that the two cases proceeded along different paths (*e.g.*, Case 1362 included defendant McQuiston, who had been dismissed from Case 1322); there were two motions for reconsideration pending in Case 1322; and, there were two motions to compel discovery in Case 1362. *Id*. On February 10, 2020, the Court denied plaintiff's motions to reconsider in Case 1322, which opened the way to address defendants Davids and Davis' motion for summary judgment in that case (ECF No. 23).

---

[2] In Case 1362 the Court summarized plaintiff's claim in pertinent part as follows:

"Plaintiff put in a request to have his waiver renewed on October 2, 2018. At this point, Plaintiff had been ticket free for five months. Plaintiff states that when he made the request, Defendant McQuiston told him that he should wait until his current waiver expired, although she had not done so in the past. Plaintiff repeatedly asked her about the waiver request and Defendant McQuiston finally told him that she had submitted it on October 11 or 12 of 2018. Near the end of October, Defendant McQuiston told Plaintiff that Defendants Davis and Davids had denied the waiver. Plaintiff states that he was sure it was because of his pending lawsuit. . . . Plaintiff claims that Defendants retaliated against him for his pending lawsuit against Defendants Davis and Davids. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. . . . Accordingly, the only remaining claims are his First Amendment retaliation claims against Defendants Davis, Davids, and McQuiston."

In Case 1362, the remaining parties, plaintiff and the three defendants (Davids, Davis and McQuiston) moved for summary judgment. On February 12, 2020, the magistrate judge entered a report recommending that both plaintiff's and defendants' motions for summary judgment be denied. *See Sabrina Davis, et al.*, 1:18-cv-1362 (R&R) (ECF No. 42) (W.D. Mich. Feb. 12, 2020). In the R&R, the magistrate judge addressed plaintiff's retaliation claim against John Davids and Sabrina Davis for denying LOP waivers, which demonstrates that that this claim is present in both cases:

> . . . Plaintiff's sole remaining claim is that Defendants Sabrina Davis, John Davids, and Molly McQuiston retaliated against him for filing a lawsuit against Defendants Davids and Davis (and other MDOC employees) by denying him Loss of Privileges (LOP) waivers and transferring him to a more restrictive housing unit. . . .
>
> Plaintiff applied for his next LOP waiver on October 2, 2018. In contrast to her prior practice in handling Plaintiff's August and September requests, McQuiston told him to wait until his prior waiver expired to apply for a new one. (ECF No. 30 at PageID.186.) Plaintiff nonetheless requested that McQuiston submit his request. With his prior waiver nearing expiration and having heard nothing from McQuiston, about a week later Plaintiff sent her a note asking about the status of his application, to which McQuiston responded, "Done." (ECF No. 30 at PageID.189; ECF No. 30-1 at PageID.208–09.) In late October, McQuiston told Plaintiff that Davis and Davids denied his request for a waiver because his behavior had been bad and he was rude to staff. . .
>
> On November 8, 2018, McQuiston told Plaintiff that he had to move back to A-wing because he had been kicked out of his counseling/therapy group meetings. . . Plaintiff applied for a waiver in November, but McQuiston told him that Davis and Davids denied it, and he could not have a copy of the denial.

*Id.* at PageID.432, 434-435.

While Case 1322 and Case 1362 started off on different paths, their paths have now converged. Plaintiff's only remaining claim in Case 1322, *i.e.*, that defendants John Davids and Sabrina Davis retaliated against him for failing to issue LOP waivers after October 2018, is also at issue in Case 1362, where it is subject to motions for summary judgment and the pending R&R. In a perfect world, Case 1322 and Case 1362 would have been consolidated into a single case or

Case 1:18-cv-01322-JTN-SJB    ECF No. 38, PageID.324    Filed 07/29/20    Page 4 of 4

treated as cognate cases.  However, as now it stands, plaintiff is litigating the same retaliation claim in two different lawsuits. Plaintiff cannot have "two bites at the apple" by litigating the same retaliation claim before two different District Judges.  Accordingly, the present case should be dismissed because the remaining claims are redundant of those claims being litigated in Case 1362.[3]

## II.    Recommendation

For the reasons discussed, defendants John Davids and Sabrina Davis' motion for summary judgment (ECF No. 23) should be **DENIED** and plaintiff's lawsuit should be **DISMISSED** as redundant of his claims against John Davids and Sabrina Davis which are pending in *Brown v. Sabrina Davis, et al.*, 1:18-cv-1362 (W.D. Mich.).


Dated:  July 29, 2020                                            /s/ Ray Kent
                                                                          United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[3] By making this recommended disposition, the undersigned does not intend to restrict plaintiff's right to appeal the dismissal of the present case.